IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**LUIS H. GONZALEZ**
**also known as CARLOS RAMOS SANCHEZ**                                       **PETITIONER**

**VERSUS**                                                   **CIVIL ACTION NO. 5:19-cv-108-DCB-MTP**

**SHAWN R. GILLIS**                                                                **RESPONDENT**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Luis H. Gonzalez's Petition for Habeas Corpus [1] and Motion to Expedite Adjudication [46]. Having carefully considered the parties' submissions, the record, and the applicable law, the undersigned recommends that the Motion to Expedite Adjudication [46] be granted and the Petition [1] be dismissed with prejudice.

## BACKGROUND

This habeas matter was transferred to the Southern District of Mississippi on October 18, 2019, following Petitioner's transfer to the Adams County Correctional Institution in Adams County, Mississippi. Petitioner contests his continued detention following an order in an immigration proceeding that directed him to leave the country. Respondent counters by arguing that the removal of Petitioner from the United States has been frustrated by confusion concerning Petitioner's identity. Respondent argues that continued detention is reasonable.

This habeas action is not Petitioner's first legal matter.[1] He was arrested on January 22, 1995 for driving without a valid license. Resp. [43], Ex. A at 1. During the arrest, Petitioner gave the name Carlos Antonio Ramos, not Luis Gonzalez. *Id.* This arrest is the genesis of the confusion surrounding Petitioner's identity. Petitioner claims that he told the police he was from

---

[1] The undersigned only highlights some of Petitioner's criminal history. A more complete list can be found in Exhibit A to the Government's Response [43].

1

El Salvador and his name was Carlos Ramos, all in an effort to avoid a traffic ticket.  Pet. [1] at 2.

On February 3, 2004, Petitioner was convicted under the name Luis H. Gonzalez for child abduction and sentenced to two years in prison.  Resp. [43], Ex. A at 1.  Then, on February 23, 2007, Petitioner was convicted under the name Luis H. Gonzalez for failing to register as a sex offender and sentenced to two years in prison.  *Id*. at 2.

Additionally, Petitioner possessed a fraudulent United States passport that he used to occasionally travel to El Salvador.  *Id*.  Following Petitioner's use of this passport in February 2015, a multi-agency investigation was conducted.   The investigation revealed that Luis H. Gonzalez was an American citizen who died in prison on December 21, 2000.  *Id*.  Petitioner was in possession of several documents identifying him as Luis H. Gonzalez, but a picture and fingerprint comparison did not match Petitioner.  *Id*.

 Petitioner was charged with identify theft in 2016.  *Id*. at 3.  At trial, Luis H. Gonzalez's brother testified that Petitioner was not his brother.  *Id*.  Petitioner was convicted of identity theft and sentenced to three years in prison.  *Id*.

On May 11, 2018, Petitioner was taken into ICE custody and, thereafter, participated in removal proceedings.  *Id*.  On May 23, 2018, Petitioner provided a sworn statement that his true name was Luis Gonzalez, he was born on January 12, 1966, he did not know his place of birth, his parents were deceased and he did not know their citizenship, and he has never had a lawful permanent resident card or identity documents from any other country.  *Id*.

On June 14, 2018, Petitioner submitted another sworn statement to the Immigration Court.  *Id*.  He stated that he grew up in the United States and had several official documents under the name Luis H. Gonzalez.  *Id*.  He also stated that he was arrested for a traffic violation

in 1995, and intentionally provided the police with the false identity Carlos Antonio Ramos, born on December 13, 1968 in El Salvador— to avoid a traffic ticket. *Id*. at 4. Petitioner told the Immigration Court that he learned in 2001 that his social security number belonged to someone who died in prison, but he went to the Social Security Office and they validated his social security number. *Id*.

On July 31, 2018, an Immigration Judge ordered Petitioner removed from the country. *Id*. Petitioner designated his country of removal as El Salvador. *Id*. Petitioner was then repeatedly interviewed by the Salvadoran Consulate, but they were unable to verify that Petitioner was a national of El Salvador and would not issue travel documents. *Id*.

On November 19, 2018, Petitioner claimed that he may be from Mexico. *Id*. His information was forwarded to the Mexican Consulate, but the identifying information provided by Petitioner did not lead to a verifiable match with Mexico. *Id*.

On April 2, 2019, Petitioner was again interviewed by the Salvadoran Consulate. *Id*. at 5. He failed to provide enough information for the consulate to verify his identity. *Id*. The Government then attempted to place Petitioner on a flight to El Salvador on August 23, 2019, without travel documents. *Id*. El Salvador was unable to verify Petitioner's citizenship and he was returned to the United States. *Id*.

It is Petitioner's position that he will not be removed in the reasonably foreseeable future and should be released from custody. Respondent opposes the Petition, arguing that Petitioner's repeated failure to cooperate and his misinformation has stalled the issuance of travel documents, and it is Petitioner's own actions that have prevented his deportation. Petitioner remains in post-removal custody at the Adams County Correctional Institution.

The issues in this matter have now been addressed by all parties. On December 11, 2019, the Court directed Shawn R. Gillis, Petitioner's custodian, to respond to the Petition on or before January 8, 2020. Order [42]. The Response [43] was filed on January 8, 2020. Petitioner filed his Reply on February 18, 2020. *See* [47]. The matter is now ripe for decision.

## ANALYSIS

Petitioner alleges that he has remained in ICE custody beyond the presumptively reasonable six-month post-removal order period outlined in *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). He also claims that it is unlikely that he will be removed from the country in the foreseeable future.

The controlling statute in this case, 8 U.S.C. § 1231(a)(1)(A), provides that the Attorney General has 90 days after an order of removal becomes final to deport the alien. The Supreme Court has held that detention of aliens beyond this 90-day period is acceptable up to six months. *Zadvydas*, 533 U.S. 678 at 701. "After this 6-month period, once the alien provides good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut the showing." *Id*. This does not mean that every alien not removed after six months must be released. *Id*. "To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id*.

"An alien is not entitled to relief for a delay that he himself has intentionally caused by deliberately obstructing his otherwise imminent deportation; it would be inequitable to allow him to benefit from that delay." *Lusanga v. Ramos*, 2019 WL 2851759, at *2 (W.D. La. June 11, 2019) (citing *Daniel v. Holder*, 2015 WL 5553670 (W.D. La. Aug. 18, 2015)); *see also Mytyuk v. Young*, 347 F. App'x 50, 51 (5th Cir. 2009); *Balogun v. I.N.S.*, 9 F.3d 347, 351 (5th Cir. 1993)

4

(deliberately withholding information and obstructing INS tolls the six-month removal period). "[F]requently changing claims of citizenship [hampers the Government's] ability to effectuate removal…." *Blankson v. Mukasey*, 261 F. App'x 758, 759 (5th Cir. 2008).

Petitioner's own failure to cooperate with removal efforts tolled the running of the removal period and precludes him from asserting a good faith argument that there is no significant likelihood that he will be removed in the reasonably foreseeable future. *See Kourouma v. Warden*, 2019 WL 2895842, at *2 (W.D. La. Apr. 29, 2019) (citing *Benn v. Bureau of Immigration & Customs Enf't*, 82 F. App'x 139, 140 (5th Cir. 2003)). Petitioner's conflicting stories have hindered the Government's efforts to remove him, and his extended detention is reasonable. *Benn*, 82 F. App'x at 140. Petitioner has been convicted of identity theft and has gone by different names in the United States. Even after his conviction for identify theft, Petitioner has attempted to use the stolen identity of "Luis H. Gonzalez" in immigration proceedings. Additionally, Petitioner has claimed to be a citizen of El Salvador, Mexico, and the United States. As it is Petitioner's own lack of cooperation that has prevented his removal, his Petition [1] should be denied.

## RECOMMENDATION

For the reasons set forth above, the undersigned recommends that the Motion to Expedite Adjudication [46] be GRANTED and the Petition [1] be DISMISSED with prejudice.

## RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge, and the opposing party. The district judge at the time may accept, reject, or modify in whole or in part, the recommendations

of the magistrate judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except on grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 4th day of March, 2020.

s/ Michael T. Parker
United States Magistrate Judge